

United States Court Of Appeals
For The Fourth Circuit
-------------
No. 15-2500
( 14-AP-0010 )

Carl W. Greene

Petitioner
V.
Railroad Retirement Board
Respondent

On Petition To Review The Order Of The
Railroad Retirement Board

Carl W. Greene
Informal Response Brief To The
Railroad Retirement Board Response

FILED
JAN 21 2016
U.S. Court of Appeals
Fourth Circuit

Issue For Review

Whether the order of the Railroad Retirement Board denying Mr. Greene's request for waiver of recovery of an overpayment was supported by substantial evidence in the record and not based on an error of law.

(2)

In response to the RRB response. I understand that their lawyer will try to win this case to just make them self look better. For me it is a case in what I feel is right. I am quite sure the court is use to lawyers leaving things out that might hurt their case. Using partial things to try and make their case look better or be very brief on things that don't make them look as good.

I will try to be brief as much as possible. Please bear with me if I repeat something that has already been said. I am just trying to get all the facts out so the court can make a proper decision.

Lets start with page 2 of the RRB response, Page AR 65 application for annuity. They base their case on this. My expected earnings change. This in itself does not make a case. You have to look at all circumstances. Next which was left out, page AR 171-172. On page 172 how to report it list 7 things that none applied to me. Next they mention Feb. 2, 2009 letter but did not include what was said on page AR 166, final adjustment after the end of 2009.

Page 5 RRB response deals with rule forms, I will be going over later in my response. Lets move on to page 6, the RRB did not act on information it received from social security.

Page 8 AR 247 it says I tried to verify the amount of my annuity, this is not true. Go to AR 247 what I said I checked the website to see if they got my records. While on the website I see nothing wrong of putting down different dates to see what my annuity would be then. Then when I speak about when they got the records they did nothing. Well in 2010 I did not know they didn't. It was only after the May 9, 2013 letter I learned this. AR 61-67. Another statement on page 8 that is basically untrue. AR 248 and 251. They said I thought $ 4000 was not substantial . Instead on page AR 248 I ask the a question what is substantial? Then on page AR 251 I continued to ask what is substantial, and then right before I said not in a years time, there was an inaudible that could give good reason why I said that. Also I find no rules that defines what amount substantial is. It is not the Hearing Officer place to make a judgement based on his opinon, rules must be use.

Page 9 I would like to think the lawyer did not leave out part of what was said on purpose. First sentence could have minimized overpayment. Go to AR 14 It says could have minimized or elimated any future over payments. Next thing inaudible portions of the transcript, they seem to take this so slightly. I think it is more important. I spent 4 years in service during the Vietnam era. All veterans gave to keep our freedoms. First freedom of speech. When two of the three board menbers said if they looked at all of

the inaudible in my favor they still went against me. Would that not be them speaking for me, instead of me speaking for myself. And what if out of the 18 inaudibles they got just one wrong that could change the case.

Page 10 Labor member disent, in order to make this response a lot shorter please read pages AR 5-9.

Page 11 Bowers vs. RRB. I find this case to be a lot different than mine. I feel that substantial evidence was not presented against me. Much to the contary. As not to repeat myself I will discuss this more in my closing. Next case Andrews vs. RRB, this was a medical case I find irrelevant to my case.

Page 13 ( c ) In my closing I will show why all circumstances should be used in finding fault.

Page 19 Garnett vs. Sullivan, In this case I find one thing Garnett didn't produce evidence like I did.

20 CFR sec. 404 510a says an individual is without fault if he accepts an overpayment because of reliance on erroneous information. I was provided erroneous information from the RRB more than one time. I will go over this more in my closing.

Closing

In closing I brought out some things about the RRB response as I went through it, For the sake of not repeating things more than I have to, I left the rest for the closing.

First off they want to presume fault mainly for two reason Reporting and knowing earning limits. I admitted that I knew the earning limits, but that does not mean that I knew whether or not they were correct in the amount of my annuity. As I have said before that really I don't know even if they are right now. I am not expected to understand how to figure annuity.

Reporting at best is very confusing. Let start with the rules Form Page 5 RB-9. This rule says to report but then turns around and says they receive report from the FICA. Page 5-6 G77a. This rule list 6 reasons to report, none applied to me. Then it goes on to say to report if you think they are taking to much or to little out. I didn't think they were.

In 2009, 2010 and 2011 I had no idea they were not doing my annuity right. First thing I knew about it was when I called the RRB AR 195 call log Jan.16, 2013 At this time I had an idea I would not be able to return to work for medical reason. I ask them how much my annuity would be after they

(4)

quit taking out for me making to much. At that time they said they had failed to do so. This was before May 9, 2013 letter of overpayment.

All through the records they try prove me at fault in 2009. As example pages AR 247, 248, 257, 259, 263 and 264. All mention 2009 but nowhere in the records other than to say there was an overpayment, that I was at fault for 2010 and 2011. I wonder why? Maybe it was on page AR 14 it states if the RRB had done their job. This would have elimated overpayments in 2010 and 2011. Still I don't see that I was at fault in 2009 either.

In the case Ricketts vs. Heckler No. 84-0112-D 631 F. Supp 818 (1986) it was found they were not at fault in causing over payment account of receiving erroneous information. 20 CFR Sec. 404.510a states that if one receives erroneous information that causes an over payment they are without fault. Letter Feb. 2, 2009 page AR 166 RRB stated they had made a temporary adjustment in my annuity. At the end of 2009 when they get the records they will adjust my annuity. So this put me on notice that there was nothing I needed to do. Was this an erroneous or not. Either way it makes me understand I needed to do nothing in 2009. Letter June 11, 2010 AR 89 that they had adjusted my annuity after receiving my earnings. So at this point if they did not, this was erroneous information. That led to over payments in 2010. Letter June 1, 2011 AR 70 Same Thing. Erroneous information that led to over payment 2011. June 1, 2012 AR 98 Same thing. They say I continued to point out that I didn't have to report because I was working under FICA. Why should I not believe this, when they told me I didn't have to report, that they got the reports. As I have already said even places in the rules say I don't have to if working under FICA.

## Conclusion

There is only one person that knows what I thought and that is me. If the RRB had done their job properly and not misled me. Then I could have had a different understanding. And then many hours spent in the last almost 3 years would not been spent fooling with this. Time that could be better spent enjoying my retirement.

There is one reason I keep fighting this. I know that I am right and nothing will change that. I have provided ample proof for the court to reverse this.

Submitted by:
Carl W. Grrene --- PRO SE

*Carl W. Greene*

(5)

## Certificate Of Service

I hereby certify that on January 14, 2016, I mailed the foregoing document to the Clerk of court using Certified Mail postage prepaid. I further certify that on January 14, 2016, I have mailed the foregoing document by Certified Mail postage prepaid, to the following participant addressed as follows.

U.S. Railroad Retirement Board
844 North Rush Street
Chicago, Illinois 60611-2092

Dated: January 14, 2016

*Carl W. Greene*
Carl W. Greene
PRO SE

